J-S27044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH BENJAMIN HOCK, | |
| Appellant | No. 1421 MDA 2015 |

Appeal from the PCRA Order July 13, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002818-2009

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 04, 2016**

This is a *pro se* appeal from the order dismissing Appellant's second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court dismissed the petition on the basis that it was untimely filed. We affirm.

In a previous appeal, we summarized the pertinent facts and procedural history as follows:

> Appellant was arrested in May 2009 and charged with involuntary deviate sexual intercourse ("IDSI") with a person less than sixteen years of age, indecent assault of a person less than sixteen years of age, and corruption of minors, related to incidents involving the thirteen-year-old child of his live-in girlfriend. A suppression motion was filed and denied after a hearing. In the days preceding March 9, 2011, Appellant failed to appear for trial, and a bench warrant was issued for his arrest. When officers eventually located Appellant at his girlfriend's house, he fled; police eventually apprehended him after a struggle.

---

*Former Justice specially assigned to the Superior Court.

He was tried before a jury beginning on March 10, 2011, and on March 11, 2011, the jury convicted [the] thirty-six-year-old Appellant on all charges. The trial court sentenced him on June 1, 2011, to ten to twenty years of imprisonment.

Appellant filed a timely counseled direct appeal, and we affirmed the judgment of sentence on February 21, 2012. *Commonwealth v. Hock*, 46 A.3d 822 (Pa. Super. 2012) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on July 18, 2012. *Commonwealth v. Hock*, 48 A.3d 1247 (Pa. 2012).

Appellant filed a timely *pro se* PCRA petition on November 2, 2012, raising issues of ineffective assistance of counsel, and the PCRA court appointed counsel. On January 4, 2013, counsel filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court gave notice of its intention to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907 on February 8, 2013. Appellant's response, dated February 28, 2013, was filed on February 26, 2013, again asserting the claims of trial counsel's ineffectiveness. The PCRA court dismissed Appellant's PCRA petition without a hearing on February 28, 2013, and granted counsel's petition to withdraw.

*Commonwealth v. Hock*, 100 A.3d 320 (Pa. Super 2014), unpublished memorandum at 1-3 (citations omitted). Appellant filed a timely appeal to this Court, and on March 27, 2014, we affirmed the order dismissing Appellant's first PCRA petition. *Hock*, *supra*. Appellant did not seek further review with our Supreme Court.

On March 20, 2015, Appellant filed his second *pro se* PCRA petition, and the PCRA court again appointed counsel. On May 1, 2015, PCRA counsel filed a no-merit letter pursuant to *Turner*, *supra*, and *Finley*, *supra*, and a

motion to withdraw. On June 19, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's second PCRA petition as untimely, and Appellant did not file a response. On July 13, 2015, the PCRA court dismissed Appellant's second petition and granted counsel's motion to withdraw. On August 7, 2015, the PCRA court denied Appellant's motion to reconsider the dismissal, and this timely *pro se* appeal followed.[1] Although the PCRA court did not require Pa.R.A.P. 1925 compliance, it refers us to its Pa.R.Crim.P. 907 notice for its reasons for the dismissal.

Appellant now claims that his second petition should be considered timely because he should receive the benefit of the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).[2] We disagree. In order to address this claim, we must first determine whether the PCRA court correctly determined that Appellant's second PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

---

[1] We are satisfied that the "prisoner mailbox rule" has rendered Appellant's appeal timely. ***See generally Commonwealth v. Patterson***, 931 A.2d 710 (Pa. Super. 2007).

[2] Although we agree with the Commonwealth's assertion that Appellant's brief is deficient in several respects, ***see*** Commonwealth's Brief at 6-7, because effective appellate review has not been hampered, we will consider the merits of Appellant's claim.

- 3 -

*Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[3] *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims

---

[3] The exceptions to the timeliness requirement are:
> **(i)** the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
> **(ii)** the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> **(iii)** the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783; ***see*** 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on October 16, 2012, when the ninety-day time period for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Appellant was required to file the PCRA petition at issue by October 16, 2013, in order for it to be timely. As Appellant filed the instant petition on March 20, 2015, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has not specifically raised an exception to the PCRA's time bar. "If the [PCRA] petition is determined to be untimely, and no exception has been pled or proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011) (citation omitted). Here, even if he had referenced Section 9545(b)(1)(iii), involving a newly recognized constitutional right, Appellant would not be entitled to relief.

In ***Alleyne***, ***supra***, the United States Supreme Court, on June 17, 2013, "held that 'facts that increase mandatory minimum sentences must be submitted to the jury' and must be found beyond a reasonable doubt."

*Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014) (citing *Alleyne*, at 2163). Initially, we note that Appellant did not file his second PCRA petition within sixty days of the *Alleyne* decision. *See Gamboa-Taylor*, 753 A.2d at 783; *see also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, *Alleyne* has not been held to apply retroactively to cases, such as Appellant's, which are on collateral review. This Court has explained:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Miller*, 102 A.3d at 995 (citations and footnote omitted). Therefore, prior precedent from this Court firmly establishes that claims based on retroactive application of *Alleyne* must fail.

In summary, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's second PCRA petition. We therefore affirm the PCRA court's order dismissing Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/2016